Filed 6/13/24  P. v. Sanchez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086695 |
| Plaintiff and Respondent, | (Super. Ct. No. F09905025) |
| v. | |
| LAURO SANCHEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Smith, J. and De Santos, J.

## INTRODUCTION

In 2010, appellant Lauro Sanchez was found guilty by jury of premeditated attempted murder (Pen. Code,[1] §§ 664/187, subd. (a), count 1), second degree robbery (§ 211, count 2), and assault with a firearm (§ 245, subd. (a)(2), count 3). In addition, the jury found true enhancements for the personal use of a firearm (§ 12022.5, subd. (a), count 3); the personal discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d), counts 1 & 2); and the personal infliction of great bodily injury (§ 12022.7, subd. (a), counts 1-3). The trial court sentenced him to life with the possibility of parole on count 1, plus 25 years to life for personal use of a firearm proximately causing great bodily injury.

In 2022, Sanchez filed a petition seeking resentencing on his conviction for premeditated attempted murder under section 1172.6. Following the appointment of counsel, the submission of briefs by the parties, and a hearing, the superior court denied Sanchez's petition, finding that he had failed to state a prima facie case for relief.

On appeal, appellant's counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Sanchez also filed a supplemental brief, asking this court to review matters pertaining to his underlying criminal conviction.

On May 31, 2024, Sanchez filed a motion requesting the appointment of an interpreter to assist him with translating legal documents, and an extension of time to file another supplemental brief. We deny Sanchez's motion and affirm the court's denial of his petition for resentencing.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

FACTUAL AND PROCEDURAL HISTORY

The facts underlying Sanchez's criminal conviction are not available from the record of conviction.

At the hearing on Sanchez's section 1172.6 petition, the prosecutor explained that the jury was not instructed on aiding and abetting, and thus, the natural and probable consequences doctrine was not a theory of murder liability upon which the prosecutor had relied. The record, which contains the jury instructions given to the jury, is consistent with the prosecutor's representation; the jury was not instructed on aiding and abetting. There were also no jury instructions on the felony murder rule or the natural and probable consequences doctrine.

## DISCUSSION

### I.    Sanchez is Ineligible for Section 1172.6 Resentencing Relief as a Matter of Law

Sanchez was convicted by jury of premeditated attempted murder, with enhancements for the personal infliction of great bodily injury (§ 12022.7) and personally discharging a firearm causing great bodily injury in the commission of the attempted murder (§ 12022.53, subd. (d)). The jury's true finding on the premeditation allegation does not, alone, foreclose the possibility that Sanchez was convicted of attempted murder upon a natural and probable consequences theory. (See *People v. Favor* (2012) 54 Cal.4th 868, 879-880.) However, the jury's finding that Sanchez *personally* inflicted great bodily injury in the commission of the attempted premeditated murder, and personally discharging a firearm causing great bodily injury (§ 12022.53, subd. (d)), in addition to the lack of any instructions on the natural and probable consequences doctrine or aiding and abetting, foreclose such a possibility.

Section 12022.7, subdivision (a) provides: "Any person who *personally* inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of

3.

imprisonment in the state prison for three years." (Italics added.) By enacting section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury only on those principals who perform the act that directly inflicts the injury, and that one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571.) "Accordingly, 'one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7.' " (*People v. Slough* (2017) 11 Cal.App.5th 419, 423.)

Based upon the jury's verdict and findings, Sanchez is ineligible for section 1172.6 resentencing relief as a matter of law. The jury necessarily found that Sanchez had acted with express, rather than imputed malice. The trial court therefore properly denied Sanchez's petition at the prima facie stage.

## II.    Sanchez's Request for an Interpreter

In a supplemental letter brief filed with this court and in a separately filed motion, Sanchez requested the appointment of an interpreter to assist him with the translation of legal documents so that he could file another supplemental brief with this court. He also sought an extension of time for that purpose.

This court does not have the ability to provide Sanchez with an interpreter that can translate legal documents for him. Translation services are generally handled through appointed counsel. Sanchez's request is therefore denied.

Sanchez also requested that this court provide further correspondence to him in both English and Spanish. That request is also denied. Trial counsel will receive a copy of this court's opinion. We encourage Sanchez to communicate with his court-appointed attorney.

## III.    The Racial Justice Act

Sanchez's requests that we review transcripts from his underlying criminal case, including voir dire of the jury, and the convictions of defendants of other races,

ethnicities, or national origins who have committed similar offenses, to ascertain whether a violation of the Racial Justice Act has occurred.

Effective January 1, 2021, the Racial Justice Act (§§ 745, 1473, subd. (f), 1473.7, subd. (a)(3)), states that "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin" (§ 745, subd. (a), added by Stats. 2020, ch. 317, § 3.5).

Violations of the Racial Justice Act occur under the following circumstances: (1) "[t]he judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin" (§ 745, subd. (a)(1)); (2) "the judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror, used racially discriminatory language about the defendant's race, ... or otherwise exhibited bias or animus towards the defendant because of the defendant's race" (*id.*, subd. (a)(2)); (3) when "[t]he defendant was charged or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in conduct and are similarly situated, and the evidence establishes that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the county where the convictions were sought or obtained" (*id.*, subd. (a)(3)); or (4) where "[a] longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed" (*id.*, subd. (a)(4)).

Section 745, subdivision (b) provides that a "defendant may file a motion pursuant to this in the trial court or, if judgment has been imposed, may file a petition for writ of

habeas corpus or a motion under [s]ection 1473.7 in a court of competent jurisdiction, alleging a violation of" the Racial Justice Act.

However, a defendant may not raise a claim under the Racial Justice Act for the first time on direct appeal. This proposition was recently rejected by the First District, Division 3 Court of Appeal in *People v. Lashon* (2024) 98 Cal.App.5th 804. In *People v. Lashon*, the appellate court reviewed the Racial Justice Act, including amendments that took effect on January 1, 2024, and concluded that language with section 745, providing that claims under the Racial Justice Act may be raised "on direct appeal" did not mean that a defendant could bypass the trial court and assert a Racial Justice Act claim in the Court of Appeal *in the first instance*. (*People v. Lashon,* at pp. 810, 812, § 745, subd. (b).)

Sanchez's request for this court to review the record for a violation of the Racial Justice Act seeks to go even further than the scenario addressed in *People v. Lashon*. Sanchez seeks to assert a claim under the Racial Justice Act for the first time on appeal from a section 1172.6 petition proceeding. As his claim is not authorized by statute, we reject Sanchez's request.

## **<u>DISPOSITION</u>**

The superior court's order denying Sanchez's section 1172.6 petition is affirmed.